**ORIGINAL**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 NOV 26 PM 2:03

DEPUTY CLERK

| | | |
|---|---|---|
| VILENA AMESQUITA, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | **3-13CV-4695D** |
| vs. | § § | CIVIL ACTION NO. |
| IOFINA NATURAL GAS, INC. | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Plaintiff Vilena Amesquita ("Plaintiff" or "Ms. Amesquita"), on behalf of herself and all others similarly situated, and files this Original Complaint and Jury Demand, as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff Vilena Amesquita has previously worked as a Chemical Operator (an "Operator") and in April 2013 was moved to an Operator of Crystallization Process (a "Crystallizer") for Defendant Iofina Natural Gas, Inc. ("Defendant" or "Iofina").

2. Plaintiff, on behalf of herself and all others similarly situated currently and/or formerly employed by Iofina as an Operator or Crystallizer, or other job title performing substantially similar job duties as Plaintiff for Defendant in the three years preceding the filing of this lawsuit, brings this collective action to recover overtime

3. For at least three years prior to the filing of this Complaint, Iofina willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

4. This collective action consists of current and former non-exempt Operators and Crystallizers or those with similar job duties as Plaintiff who worked for Defendant in the three years preceding the filing of this suit and who were not paid overtime compensation at one-and-a-half times their regular rate of pay for each hour worked in excess of forty in a week in violation of the FLSA.

5. Plaintiff and others similarly situated demand a jury trial.

## II. PARTIES

6. Plaintiff Vilena Amesquita is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

7. Defendant Iofina Natural Gas, Inc. is a Colorado corporation with its principal place of business in Greenwood Village, Colorado. Iofina does not maintain a registered agent for service of process in the State of Texas. Iofina may be served with process through its registered agent for service of process in the State of Colorado, Samuel William Huebner, at 8480 East Orchard Road, Suite 3600, Greenwood Village, CO 80111, or where found.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

9. This Court has personal jurisdiction over Defendant because Defendant has had substantial, continuous and systematic contact with Texas and has purposefully availed itself of the benefits and protections of Texas by establishing minimum contacts with Texas. Namely, Defendant conducts substantial business in Texas and has engaged in knowing and significant contacts with Texas residents for commercial gain. This Court's assertion of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## III. COVERAGE

11. At all relevant times times, Defendant has acted, directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff and others similarly situated.

12. At all relevant times, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14. At all relevant times, Plaintiff, and others similarly situated, were employees for Defendant who were engaged in commerce or in the production of goods for commerce.

### IV. FACTUAL BACKGROUND

15. Iofina specializes in the exploration and production of iodine, iodine specialty chemical derivatives, produced water and natural gas. Iofina uses a process for extracting iodine from the "produced" water that is partially or fully separated from oil at the salt water disposal sites that receive that water from oil and gas wells. Iodine has a variety of commercial uses. Iofina extracts iodine from produced wastewater and sells it to third parties.

16. Iofina has iodine production operations in the United States, and operates two iodine extraction facilities, one of which is located in Texas, and the other is located in Oklahoma.

17. Iofina's iodine extraction process is labor intensive. It requires a crew consisting of Operators and Crystallizers who operate the equipment involved in the iodine extraction process.

18. Ms. Amesquita worked for approximately a year at Iofina's Texas facility as an Operator or a Crystallizer. There is little practical difference between these two positions.

19. Ms. Amesquita routinely worked more than forty hours per week. When she originally began working for Iofina, Ms. Amesquita was paid on an hourly basis. A few months later, Iofina told her and her fellow Operators that they would be paid a salary and that they would not be compensated at all for any hours worked in excess of forty, though they were required to continue to use a timekeeping system, which was a computer system called TrackMyTime. In April of 2013, Crystallizers began asking management whether they should be paid for overtime. Management avoided answering these questions, and shortly thereafter, Ms. Amesquita and other Crystallizers were shut off from the timekeeping system.

20. In September of this year, Ms. Amesquita and the other Crystallizers were told that they would no longer be paid salary, and would instead be paid on an hourly basis. While Iofina began paying time-and-a-half for overtime, it was also cheating its workers by improperly, and without explanation, deducting several hours each week from each employee's timecard. This practice has been done to both the Operators, who have always been paid hourly, and to the Crystallizers, who have only recently been restored to

hourly pay. The net result of this improper time deduction was to reduce the number of hours that these employees are paid overtime, in violation of the FLSA.

21. No exemption excuses Iofina from paying overtime rates for hours worked over forty.

22. Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

23. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

24. Plaintiff has retained the undersigned counsel to represent her and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## V. COLLECTIVE ACTION ALLEGATIONS

25. Other employees of Defendant have been victimized by the pattern, practice and policy of Defendant. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

26. Plaintiff brings her first claim on behalf of all Crystallizers (or those performing substantially similar job duties) that were improperly paid a salary and were

not compensated for any hours worked in excess of forty in a week, at any time within three years from the date of the filing of this suit.

27. Plaintiff brings her second claim on behalf of all Operators (or those performing substantially similar job duties) that have had hours improperly deducted by Defendant, and thus have not been paid for all time worked in excess of forty in a given week, at any time within three years from the date of the filing of this suit.

28. Plaintiff's second claim also encompasses all of the Crystallizers (or those performing substantially similar job duties) who, since September of 2013, have had hours improperly deducted by Defendant, and thus have not been paid for all time worked in excess of forty in a given week.

29. On information and belief, all of the Crystallizers working at Iofina were, at least until September of this year, paid a salary and were not paid for any work performed in excess of forty in a week.

30. On information and belief, all of the Operators working at Iofina have had hours improperly recorded and/or deducted by Defendant, and thus have not been paid for all time worked in excess of forty in a given week.

31. On information and belief, all of the Crystallizers working at Iofina have, since September of 2013, had hours improperly recorded and/or deducted by Defendant, and thus have not been paid for all time worked in excess of forty in a given week.

32. All Operators working at Iofina share common job duties.

33. All Crystallizers working at Iofina share common job duties.

34. Specific job titles do not prevent collective treatment.

40. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

41. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

42. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## V. CAUSES OF ACTION - VIOLATIONS OF FLSA

*First Cause of Action - Unpaid Overtime (Refusing to Pay Overtime to Salaried Crystallizers)*

43. The foregoing allegations are incorporated herein by reference.

44. Plaintiff and others similarly situated were non-exempt employees of Iofina.

45. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

46. Defendant violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

47. While Plaintiff, and others similarly situated, worked as Crystallizers for Defendant, they were paid a salary and were not compensated for the overtime hours that they worked.

48. In further violation of the FLSA, Defendant failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

49. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### *Count Two - Unpaid Overtime (Improperly Recording/Deducting Hours from Operators and Crystallizers)*

50. The foregoing allegations are incorporated herein by reference.

51. Plaintiff and others similarly situated were non-exempt employees of Iofina.

52. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

53. Defendant has violated 29 U.S.C. § 201 *et. seq.* by failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

54. Specifically, Defendant failed to accurately record all hours worked by its Operators and/or Crystallizers and/or improperly deducted time from the timecards turned in by Plaintiff and others similarly situated.

55. In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

56. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VI. JURY DEMAND

57. Plaintiff hereby demands a trial by jury in this matter.

## VII. RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, respectfully requests that Defendant be required to answer and appear, and that on final hearing, Plaintiff and other members of the collective action be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which she, and others similarly situated, may be justly entitled;

Respectfully submitted,

*/s/ Josh Borsellino*
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Ste. 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412
josh@dfwcounsel.com

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

ORIGINAL

RECEIVED NOV 26 2013 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## I. (a) PLAINTIFFS
Vilena Amesquita, Individually and On Behalf of All Others Similarly Situated

**DEFENDANTS**
Iofina Natural Gas, Inc.

(b) County of Residence of First Listed Plaintiff: Ellis (TX)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Arapahoe (CO)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Josh Borsellino, Borsellino, P.C., 1020 Macon St., Suite 15, Fort Worth, TX 76102 817.908.9861

Attorneys *(If Known)*

3-13CV-4695D

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act
Brief description of cause:
Unpaid Overtime

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 11-26-13
SIGNATURE OF ATTORNEY OF RECORD: *Josh Borsellino*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____